UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA P. SMITH, | Case No. 2:10-CV-02855 JAM-JFM |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| WORLD SAVINGS AND LOAN ASSOCIATION, dba WORLD SAVINGS BANK; WELLS FARGO BANK, N.A.; SETON CAPITAL GROUP, INC.; and DOES 1 through 50, inclusive, | |
| Defendants. | |

This matter comes before the Court on Defendant Wachovia Mortgage's ("Defendant") Motion to Dismiss (Doc. #4) and its Motion to Strike Portions of Plaintiff's Complaint (Doc. #5). Defendant, a division of Wells Fargo Bank, N.A., was formerly known as Wachovia Mortgage, FSB, which was formerly known as World Savings Bank, FSB. Defendant asks the Court to dismiss the Complaint (Doc. #1) filed by Plaintiff Brenda P. Smith ("Plaintiff"). Plaintiff opposes the motions.[1]

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 12, 2011.

1

I. FACTUAL AND PROCEDURAL BACKGROUND

The Complaint centers on allegations involving Plaintiff's broker, and brother-in-law, Brandon Caffrey ("Caffrey"). Plaintiff alleges that in or around March 2006, Caffrey offered to get her the best loan possible to refinance her house in Rancho Murieta. Plaintiff avers that Caffrey indicated he could get Plaintiff a loan for $469,000 even though her monthly income was only $900. Plaintiff claims that Caffrey overstated her income by approximately $4,000 without her knowledge and that he knew her monthly payments would start at $1,721 and would increase after the first year. Plaintiff alleges that she did not understand the loan documents, the terms of the loan were not fully explained to her, and she believed the loan would be affordable.

Plaintiff does not make any specific claims involving the Defendant other than a generalized theory alleging predatory lending and foreclosure fraud. Plaintiff theorizes that mortgage lenders loan money to people unable to afford the loans with the intent to profit from the sale and servicing of the loans.

Plaintiff filed a complaint in the Superior Court of California, Sacramento, alleging eleven causes of action: (1) Fraud; (2) Constructive fraud; (3) Conspiracy to defraud; (4) Negligence; (5) Unlawful/unfair business practices, violation of California Business & Professions Code ("UCL") § 17200 et seq.; (6) Failure to explore foreclosure avoidance, violation of California Civil Code § 2923.5; (7) Wrongful foreclosure, violation of California Civil Code § 2924;

(8) Violation of Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.; (9) Violation of Real Estate Procedures Settlement Act ("RESPA"), 12 U.S.C. § 2601, et. seq.; (10) Restitution and Rescission; (11) Declaratory and Injunctive Relief.  The case was removed to this Court on October 22, 2010.[2]

## II.  OPINION

### A.  Legal Standard

#### 1.  Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure section 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible

---

[2] Most of the specific allegations in the Complaint focus on Plaintiff's broker rather than Defendant.  A "financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  Federal Savings & Loan Ass'n, 231 Cal.App.3d 1089, 1096 (Cal. Ct. App. 3d 1991).  Thus, in the absence of any allegations that Defendant's role in this transaction was anything other than as a lender of money it appears that Plaintiff's claims lie against her broker and not Defendant.

3

1 on its face." Twombly, 550 U.S. at 570. Dismissal is
2 appropriate where the plaintiff fails to state a claim
3 supportable by a cognizable legal theory. Balistreri v.
4 Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

5    Upon granting a motion to dismiss for failure to state a
6 claim, the court has discretion to allow leave to amend the
7 complaint pursuant to Federal Rule of Civil Procedure § 15(a).
8 "Dismissal with prejudice and without leave to amend is not
9 appropriate unless it is clear . . . that the complaint could
10 not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon,
11 Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

       2.   Motion to Strike

>    "Rule 12(f) provides in pertinent part that the Court
>    may order stricken from any pleading any insufficient
>    defense or any redundant, immaterial, impertinent, or
>    scandalous matter . . . Motions to strike are
>    disfavored and infrequently granted. A motion to
>    strike should not be granted unless it is clear that
>    the matter to be stricken could have no possible
>    bearing on the subject matter of the litigation."

Bassett v. Ruggles et al., 2009 WL 2982895 at *24(E.D. Cal. Sept. 14, 2009)(internal citations omitted).

       B.   Claims for Relief

   Defendant argues that the Complaint should be dismissed because several claims are time-barred; preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461 et seq.; the agency allegations are insufficient to impose liability on Defendant; Defendant owed Plaintiff no legal duty; and that the Complaint fails to state an actionable claim. Plaintiff counters that her claims are timely; Defendant owed her a duty to provide a loan

4

she could afford; and that the Complaint was sufficiently pled. For the reasons discussed below, the Complaint is dismissed with prejudice.

### 1. Time-Barred Claims

Defendant argues that since Plaintiff obtained a loan from Wachovia in July 2005, any claims with a five-year or less limitations period must fail.[3]  For the reasons discussed below, Claims 1, 2, 3, 4, 5, 8, and 9 are time-barred and dismissed with prejudice.[4]

#### a. Fraud-Based Claims (Claims 1-3)

Claims 1-3 are all fraud-based claims.  Actions for relief on the ground of fraud or mistake are governed by a three year statute of limitations.  See C.C.P. § 338(d).  Defendant argues that since the loan documents were signed in July 2005, Plaintiff was required to bring the Complaint by July 2008; the Complaint was filed on September 16, 2010 and the claims are thus, time-barred.  Plaintiff counters that the statute of limitations should have started running when she became aware of facts constituting the fraud; Plaintiff does not allege when that occurred.

The failure to make the required disclosures occurs, if at

---

[3] Though Plaintiff pleads that the loan was obtained in or around March 2006, the Court notes that the loan document (Exh. A, Doc. #8) contains the date July 13, 2005.  Since Plaintiff has not contested the authenticity of Exhibit A, the Court will use the July 13, 2005 date in its analysis.

[4] The Court notes that in addition to being time-barred, Claims 1, 2, 3, 4, and 5 are also preempted by the Home Owners Loan Act.  See 12 U.S.C. § 1461, et seq (preempts state law claims purporting to address the subject of the operations of a federal savings association).

5

all, at the time the loan documents were signed. <u>Meyer v. Ameriquest Mortgage Co.</u>, 342 F.3d 899, 902 (9th Cir. 2003). Since the loan agreement was entered into more than five years prior to the filing of this action, the statute of limitations has expired and Claims 1-3 are time barred.[5] Accordingly, Defendant's Motion to Dismiss Claims 1-3 is GRANTED WITH PREJUDICE.

    b. <u>Negligence (Claim 4)</u>

Negligence claims fall under a two-year statute of limitations. C.C.P. § 339(1). Thus, the negligence claim is time-barred and Defendant's Motion to Dismiss Claim 4 is GRANTED WITH PREJUDICE.

    c. <u>Violation of the UCL § 17200 (Claim 5)</u>

Claims brought under the UCL must be commenced within four years after the cause of action accrued. Cal. Bus. & Prof. Code § 17208. Thus, because the Complaint was filed more than four years after the loan documents were signed, Defendant's Motion to Dismiss Claim 5 is GRANTED WITH PREJUDICE.

    d. <u>Violation of Truth in Lending Act (Claim 8)</u>

Plaintiff alleges that she has a right to rescind the loan contract under the Truth in Lending Act ("TILA"), 15 U.S.C. 1635; she has the ability to cancel the loan under 15 U.S.C. § 1635(a); and she is entitled to a remedy of damages because Plaintiff alleges that Defendant failed to comply with TILA disclosure requirements under 15 U.S.C. § 1640. However, as Defendant points out, Plaintiff's claims are time-barred.

---

[5] Additionally, the Court finds Defendant's argument that Plaintiff failed to plead the fraud claims in compliance with Fed. R. Civ. P 9(b) to be meritorious.

Plaintiff does not respond to Defendant's arguments.

Plaintiff does not allege <u>any</u> facts to suggest that the documents contained any misrepresentations or lacked proper disclosures.  The Complaint alleges that Caffrey, Plaintiff's broker, did not adequately explain the terms of the loan and that Plaintiff did not understand the loan documents; the Complaint does not claim Defendant violated TILA's disclosure requirements.  Despite Plaintiff's assertions, "there is no fiduciary relationship between the borrower and lender." <u>Oaks Management Corporation v. Superior Court</u> 145 Cal.App.4th 453, 466 (2006).  Thus, Defendant is not responsible for Caffrey's purported actions and does not owe Plaintiff a duty beyond complying with TILA's regulations.

Even if Plaintiff had properly pled violations of TILA, those claims are barred by the statute of limitations.  Plaintiff's right of rescission expired three years after the date of consummation of the transaction.  15 U.S.C. § 1635(f).  The right to cancel the loan expired on midnight of the third business day following the consummation of the loan documents.  15 U.S.C. § 1635(a).  Finally, the ability to receive damages expired within one year of the occurrence of the TILA violation.  15 U.S.C. 1640(e).  Therefore, Plaintiff's TILA claim is time-barred and Defendant's Motion to Dismiss Claim 8 is GRANTED WITH PREJUDICE.

        e.   <u>RESPA (Claim 9)</u>

Plaintiff alleges that Defendant violated RESPA, 12 U.S.C. § 2607, by engaging in "kickbacks" and "referral fees".  The Ninth Circuit has ruled that payment of a yield spread premium, a lump sum paid by a lender to a broker at closing when the loan originated by the broker bears an above-par interest rate, is not

7

automatically a violation of RESPA. <u>Schuetz v. Banc One Mortgage Co.</u>, 292 F.3d 1004 (9th Cir. 2002). In addition to failing to articulate a statutory violation, the RESPA claim is governed by a one year statute of limitations. 12 U.S.C. § 2614. Therefore, Plaintiff's claim is time-barred and Defendant's Motion to Dismiss Claim 9 is GRANTED WITH PREJUDICE.

    2. <u>Foreclosure Avoidance and Wrongful Foreclosure (Claims 6 & 7)</u>

Plaintiff's two foreclosure-related claims are moot because the Notice of Default was rescinded and the foreclosure was not completed. Without a foreclosure, Plaintiff cannot plead foreclosure avoidance or wrongful foreclosure. <u>Foster v. SCME Mortgage Bankers, Inc.</u>, No. CIV 2:10-518, 2010 WL 1408108, at *4 (E.D.Cal. Apr. 7, 2010). Accordingly, Defendant's Motion to Dismiss Claims 6 and 7 are GRANTED WITH PREJUDICE.

    3. <u>Restitution and Rescission (Claim 10)</u>

Plaintiff seeks restitution and rescission. Defendant argues that restitution and rescission are remedies, not separate causes of action; Plaintiff has not offered to tender the loan proceeds and therefore cannot rescind the loan without paying back the debt; and the claim is preempted by HOLA. Plaintiff does not oppose Defendant's arguments.

For Plaintiff's claim to succeed, she must be able to plead ability to tender. "Under California law, '[i]n obtaining rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to [her] obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction.'" <u>Davidson v. Countrywide Home</u>

8

1  Loans Inc., No. 09-CV-2694, 2010 WL 2925440, *3 (S.D.Cal. July 23,
2  2010), citing Fleming v. Kagan, 189 Cal.App.2d 791 (Cal.App.2d.
3  1961).  In addition to failing to plead ability to tender, this
4  claim fails because it is preempted by HOLA.  Curcio v. Wachovia
5  Mortgage Corp., No. 09-CV-1498-IEG, 2009 WL 3320499, *4-6 (S.D.Cal.
6  Oct. 14, 2009).  Therefore, because Plaintiff cannot tender the
7  loan and because Plaintiff's claim is preempted by HOLA,
8  Defendant's Motion to Dismiss Claim 10 is GRANTED WITH PREJUDICE.
9          4.   Declaratory and Injunctive Relief (Claim 11)
10     Plaintiff asks for declaratory and injunctive relief.
11 However, as Defendant points out, injunctive relief and declaratory
12 relief are remedies, not causes of action.  Marlin v. AIMCO
13 Venezia, LLC, 154 Cal.App.4th 154, 162 (Cal. App. 2d. 2007);
14 General of America Insurance Co. v. Lilly, 258 Cal.App.2d 465, 470
15 (Cal.App.2d. 1968).
16     Moreover, the injunctive relief must be denied because
17 Plaintiff does not show a reasonable probability of success.
18 "[W]here there is no showing of reasonable probability of success,
19 even though the foreclosure will create irreparable harm, because
20 there is no justification in delaying that harm where, although
21 irreparable, it is also inevitable."  Jessen v. Keystone Savings &
22 Loan Ass'n., 142 Cal.App.3d 454, 459 (Cal. App. 4d. 1983).
23 Additionally, Plaintiff has not stated the nature of the
24 declaration sought.  Declaratory relief "must be based on an actual
25 controversy with known parameters.  If the parameters are as yet
26 unknown, the controversy is not yet ripe for declaratory relief."
27 Sanctity of Human Life Network v. Cal. Highway Patrol, 105
28 Cal.App.4th 858, 872 (2009).  Plaintiff's failure to articulate the

parameters for relief makes this claim a repetition of the prior claims alleged in the Complaint. Accordingly, Defendant's Motion to Dismiss Claim 11 is GRANTED WITH PREJUDICE.

        5.   <u>Motion to Strike</u>

Defendant argues that the Court should strike several paragraphs in the Complaint requesting attorney fees and damages because Plaintiff has not properly pled the necessary facts to obtain attorney fees or punitive damages. Plaintiff, without citing any authority, asks the Court not to strike its requests for attorney fees or punitive damages. Since the Court has dismissed all of Plaintiff's claims, the Motion to Strike is moot.

### III. ORDER

For the reasons set forth above,

Defendant's Motion to Dismiss is GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: January 28, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE