UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA P. SMITH, </br></br>　　　　　Plaintiff,</br></br>　　v.</br></br>WORLD SAVINGS AND LOAN ASSOCIATION, dba WORLD SAVINGS BANK; WELLS FARGO BANK, N.A.; SETON CAPITAL GROUP, INC.; and DOES 1 through 50, inclusive,</br></br>　　　　　Defendants. | Case No. 2:10-CV-02855 JAM-JFM</br></br>ORDER GRANTING DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEYS' FEES |

　　　This matter comes before the Court on Defendant Wachovia Mortgage's ("Defendant") Motion for an Award of Attorneys' Fees (Doc. #18).  Defendant, a division of Wells Fargo Bank, N.A., was formerly known as Wachovia Mortgage, FSB, which was formerly known as World Savings Bank, FSB.  Defendant asks the Court to award attorneys' fees in the amount of $8,154.50.  Plaintiff does not oppose the motion.[1]

---

[1] These motions were determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 4, 2011.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff borrowed $469,000.00 from Defendant on or around July 6, 2005.  The loan was memorialized by an Adjustable Rate Mortgage Note ("Note") and secured by a Deed of Trust ("DOT") recorded on July 13, 2005 against 6862 Domingo Drive, Rancho Murieta, California (the "Property").

Plaintiff originally filed this action against Defendant in the Sacramento County Superior Court on September 16, 2010, following Defendant's foreclosure activity.  Defendant removed the case to this Court on October 22, 2010 and moved to dismiss the Complaint.  The Court granted the motion and entered judgment dismissing the action with prejudice (Doc. #15) on January 31, 2011.  Defendant now seeks to recover attorneys' fees.

II.   OPINION

A.   Legal Standard

1.   Attorneys' Fees

Under the American rule, the prevailing litigant ordinarily is not entitled to collect reasonable attorney's fees from the losing party. Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Electric Co., 549 U.S. 443, 448 (2007).  A statute or enforceable contract allocating attorney's fees, however, can overcome this rule.  Id.  State law governs the enforceability of attorney's fees in contract provisions. Security Mortgage Co. v. Powers, 278 U.S. 149, 153 (1928).

California permits parties to allocate attorney's fees by contract.  See Cal. Code Civ. Proc. § 1021.  California Civil

2

Code Section 1717 governs the recovery of attorneys' fees pursuant to an underlying contract. The statute "authorizes reasonable attorney's fees '[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party.'" Barrientos v. 1801-1825 Morton LLC, 583 F.3d 1197, 1216 (9th Cir. 2009), quoting Cal. Civ. Code § 1717(a).

### B. The Note and Deed of Trust

Defendant argues that its right to recover attorneys' fees is set forth in two clauses in the Note and the DOT. The Note provides at paragraph 7(E):

> **Payment of Lender's Costs and Expenses**:
>
> The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

Similarly, the DOT contains an attorneys' fee provision at Covenants, paragraph 7:

> **Lender's Right to Protect its Rights in the Property**:
>
> If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees . . .
>
> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes . . .

3

Because Plaintiff's lawsuit attacked the mechanics of Defendant's ownership of the Note, the non-judicial foreclosure, and the mechanism by which Defendant became the beneficiary under the DOT, Defendant had to protect its interests in the Property.  Thus, Plaintiff's action falls within the scope of the fee clause in the Note and the DOT. As Defendant is the prevailing party, and the Note and DOT entitle it to reasonable attorneys' fees, the Court holds that Plaintiff must pay reasonable attorneys' fees to Defendant.

### C. Reasonability of Attorneys' Fees

When the underlying contract does not specify an amount of attorneys' fees, it is within the Court's discretion to award a reasonable amount.  Stokus v. Marsh, 217 Cal.App.3d 647, 654 (Cal. Ct. App.1d 1990).  In calculating reasonable attorney fees, courts consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases.  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1341-42 (9th Cir. 1986).

Without specifically addressing the LaFarge factors, Defendant argues that it should receive $8,154.50 in attorneys' fees. Defendant asserts that it was required to expend considerable time and resources to defend this matter. In support, Defendant has submitted the Declaration of Jeremy E. Shulman ("Shulman Decl.") detailing the qualifications and rates for each individual who worked on the case, as well as the detailed billing records for the case showing the fees and costs incurred by Defendant.

In Rivera v. Wachovia Bank, No. 09 CV 433, 2009 WL 3423743, *3 (S.D.Cal. Oct. 23, 2009), the court granted the fee motion, but reduced the requested attorneys' fees by almost half because:

> "[t]he time and labor required to defend the matter were not great, nor were the legal questions novel or difficult. The case was resolved on a motion to dismiss, before [Defendant] prepared an answer or conducted discovery. As a mortgage provider, [Defendant] has undoubtedly defended similar cases in the past. . . . On these facts, it is unclear why [Defendant] required the services of so many experienced and highly-credentialed attorneys. While the experience, reputation, and ability of the attorneys is not questioned, it seems that these attorneys had an overabundance of skill and experience necessary to perform the legal services properly.

Rivera, 2008 WL 3423743 at *3.

Similar to Rivera, this case was entirely disposed of on a motion to dismiss without the need for discovery or an answer. Because the legal question was fairly routine, like in Rivera, it is similarly unclear why so many experienced and highly-credentialed attorneys were necessary to perform the legal services.

1    The Court has examined the billing records and the Shulman
2  Decl. and finds that a reduction of fees is warranted.  This
3  case was staffed by two attorneys with approximately 30 years of
4  experience each (Mr. Flewelling and Mr. Hickman), an attorney
5  with nine years of experience (Mr. Shulman), and another
6  attorney with four years of experience (Mr. Telles).  In
7  addition, the attorneys were assisted by four paralegals.  Mr.
8  Shulman, as the principle attorney on this case, devoted 17
9  hours of his time.  While the Court finds that Mr. Shulman spent
10 a reasonable amount of time on the case, it will not award the
11 additional 2.5 hours Mr. Shulman estimated were needed to
12 prepare a Reply brief, as this motion is unopposed.  The Court
13 also will not award the .4 hours Mr. Flewelling dedicated to
14 "review[ing] the new complaint further" and related documents.
15 That further review is duplicative.  Similarly, Mr. Hickman
16 spent .2 hours reviewing the draft joint status report that had
17 previously been reviewed, and was subsequently reviewed and
18 proofed by Mr. Shulman.  Mr. Hickman devoted another 1.1 hours
19 reviewing and analyzing the joint status report.  Given that
20 this is such a routine matter, and Mr. Telles, the attorney
21 preparing the status report has four years of litigation
22 experience, the Court finds that the review of the joint status
23 report was unnecessary and it deducts the 1.3 hours of Mr.
24 Hickman's time.  Finally, the Court deducts 1.8 hours of Mr.
25 Telles' time which was spent in meetings and duplicative
26 analysis and review.
27   The Court finds the billing rates of the attorneys and
28 paralegals to be reasonable.  Though Mr. Shulman's declaration

states that his billing rate is $250/hour, some of the items list his billing rate at $280/hour; the Court will calculate fees at the lower rate which is consistent with his declaration. Therefore, the Court awards $4,250 for Mr. Shulman, $250 for Mr. Telles, $1,470.5 for the paralegals, and $376.34 for legal research and court costs. For all of the foregoing reasons, the Court GRANTS Defendant's motion for an award of costs and fees in the amount of $6,346.84.

## III. ORDER

For the reasons set forth above,

Defendant's Motion for an Award of Attorneys' Fees is GRANTED and Plaintiff is ordered to pay $6,346.84 in costs and fees to Defendant.

IT IS SO ORDERED.

Dated: May 11, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE